# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JACOB DEON FONVILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-01340-KOB-HNJ |
| ) | |
| KELLER W. SPEAKS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The magistrate judge filed a report on January 12, 2021, recommending the court grant defendants Speaks and McLemore's motion for summary judgment on plaintiff's Eighth Amendment excessive force claims and dismiss the claims with prejudice. Doc. 25. On January 28, 2021, plaintiff filed objections to the report and recommendation. Doc. 26.

The magistrate judge found that neither plaintiff's complaint nor his response to the defendants' motion for summary judgment specifically refute the defendants' sworn affidavits that he charged at them when they entered his cell on March 19, 2019, and repeatedly disobeyed their orders to lie on the floor and, therefore, these allegations were established as true. Doc. 25 at 8-11. The magistrate judge concluded that, given plaintiff's alleged actions when the defendants entered the cell, the defendants were justified in using some force against plaintiff and the force used was not excessive. *Id.* at 11-14.

In his objections, plaintiff alleges he "report[ed]" that he did not assault the defendants and he did not have a sheet around his neck when defendant Speaks entered his cell, as Speaks claimed. Doc. 26 at 1. Plaintiff acknowledges that he "was never able to give a real sworn affidavit" in opposition to the defendants' motion for summary judgment, but claims his failure was due to his *pro se* status and having limited access to a law library. *Id.* at 1-2.

Although plaintiff's complaint and response to the defendants' motion for summary judgment fail to specifically refute that he rushed at the defendants and disobeyed orders, (docs. 1, 22), plaintiff has alleged facts in his objections which may create a question of fact whether the force used was constitutional. However, plaintiff's objections are neither sworn nor made under penalty of perjury. Doc. 26.

Accordingly, the undersigned **ORDERS** plaintiff to file an affidavit or declaration within **fourteen (14) days** from the entry date of this Order concerning his claims that defendants Speaks and McLemore used excessive force against him on March 19, 2019. An affidavit is a statement made under oath, before a person who is authorized to take such an oath – typically, a notary public. If plaintiff is unable to make use of a notary public, he must make the statement in writing and include the following declaration, along with his signature and the date: **"I declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."** *See* 28 U.S.C. § 1746.

If plaintiff fails to submit an affidavit or declaration within **fourteen (14) days** from the entry date of this Order, the court will take the magistrate judge's report and recommendation under advisement and issue an order without further notice.

**DONE** and **ORDERED** this 9th day of February, 2021.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE